UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DARIUSZ GRZEGORCZYK

v.

M & M GETTY SERVICE INC., et al.

Case No.: 3:03cv00617 (MRK)

DECEMBER 12, 2003

## AMENDED COMPLAINT

### JURISDICTION

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.

2. Plaintiff, **DARIUSZ GRZEGORCZYK**, is, and was at all times mentioned, domiciled in and a citizen of the State of **Connecticut**.

3. Defendant, **M & M GETTY SERVICE INC.**, is and was at all times mentioned, a company operating in the State of **New York**, having a principal place of business and being a citizen of the State of **New York**.

4. Defendant, **PRIME GETTY AUTO SERVICES INC.**, is and was at all times mentioned, incorporated in the State of **New York**, having a principal place of business and being a citizen of the State of **New York**.

5. Defendant, **GETTY PETROLEUM CORP. n/k/a GETTY PROPERTIES CORP a/k/a GETTY PETROLEUM MARKETING INC.**, is and was at all times mentioned, incorporated in the State of **Maryland**, having a principal place of business and being a citizen of the State of **New York**.

6. Defendant, **GETTY PETROLEUM MARKETING INC.**, is and was at all times mentioned, incorporated in the State of **Maryland**, having a principal place of

business and being a citizen of the State of **New York**.

7. Defendant, **ODELL GETTY, INC.**, is and was at all times mentioned, incorporated in the State of **New York**, having a principal place of business and being a citizen of the State of **New York**.

8. Defendant, **ISRAR A. KAHN,** is, and was at all times mentioned, domiciled in and a citizen of the State of **New York**.

9. Defendant, **ABELE INC.**, is and was at all times mentioned, incorporated in the State of **New York**, having a principal place of business and being a citizen of the State of **New York**.

10. Defendant, **LEIGH'S LIMOUSINE, INC. a/k/a LEIGH LIMOUSINE a/k/a INTERSTATE CORPORATE CAR, INC. a/k/a LEIGH'S INTERSTATE CORPORATE CAR**, was at all times mentioned, incorporated in the State of **New York**, having a principal place of business and being a citizen of the State of **New York**.

11. Defendant, **O'KANE LIMOUSINE SERVICE INC.**, is and was at all times mentioned, incorporated in the State of **New York**, having a principal place of business and being a citizen of the State of **New York**.

12. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of **$75,000.00**. Every issue of law and fact is wholly between plaintiff who resides in and is a citizen of a state different from that in which the defendants reside and of which they are citizens.

## ALLEGATIONS AND CLAIM

### FIRST COUNT:

13. On **April 5, 2001**, the defendants, **M & M GETTY SERVICE INC.; PRIME GETTY AUTO SERVICES INC.; ODELL GETTY, INC.; and/or ISRAR A. KAHN,** were owners, franchises or lessees of the premises located at 1245 Nepperhan Avenue a/k/a 1241 Nepperhan Avenue, in the Town/City of Yonkers and State of New York and were in the possession of a 1993 Lincoln, bearing New York plate number 66912L, which was owned by the defendants, **ABELE INC.; LEIGH'S LIMOUSINE, INC. a/k/a LEIGH LIMOUSINE a/k/a INTERSTATE CORPORATE CAR, INC. a/k/a LEIGH'S INTERSTATE CORPORATE CAR; and/or O'KANE LIMOUSINE SERVICE INC.**

14. On said date and time, the defendants, **M & M GETTY SERVICE INC.; PRIME GETTY AUTO SERVICES INC.; ODELL GETTY, INC.; and/or ISRAR A. KAHN, its servants, agents and/or employees,** allowed and/or permitted, said vehicle to be taken off the property and driven on the public highway/road designated as Saw Mill Parkway, in the Town of Yonkers, County of West and State of New York so that it collided with the motor vehicle being operated by the plaintiff, **DARIUSZ GRZEGORCZYK.**

15. The accident above stated and the resulting injuries and losses suffered by the plaintiff, **DARIUSZ GRZEGORCZYK**, as described herein, were proximately caused by the negligence, carelessness and recklessness of the defendants, **M & M GETTY SERVICE INC.; PRIME GETTY AUTO SERVICES INC.; ODELL GETTY, INC.; and/or ISRAR A. KAHN,** its servants, agents and/or employees, in one or more of the following ways:

a) they failed to properly secure said vehicle;

b) they allowed said vehicle to be taken off the premises while intrusted to them;

c) they failed to properly train and supervise their employees;

d) they failed to warn the plaintiff of their inability to properly supervise and train their employees;

e) they failed to exercise reasonable care under the circumstances then and there existing;

f) they failed to use reasonable and proper care; and,

g) they failed to warn the plaintiff of their carelessness and lack of training.

16. The plaintiff, **DARIUSZ GRZEGORCZYK**, avers that the defendants, **M & M GETTY SERVICE INC.; PRIME GETTY AUTO SERVICES INC.; ODELL GETTY, INC.; and/or ISRAR A. KAHN,** were negligent.

17. As the result of the negligence, carelessness and recklessness of the defendants, **M & M GETTY SERVICE INC.; PRIME GETTY AUTO SERVICES INC.; ODELL GETTY, INC.; and/or ISRAR A. KAHN,** the plaintiff, **DARIUSZ GRZEGORCZYK**, was seriously injured; was prevented from transacting his business; suffered great pain of body and mind; incurred expenses for medical attention; suffered permanent injury; loss of life's enjoyment; loss of earning capacity; will require future medical attention; and, will incur future medical expense.

18. The defendants, **ABELE INC.; LEIGH'S LIMOUSINE, INC. a/k/a LEIGH LIMOUSINE a/k/a INTERSTATE CORPORATE CAR, INC. a/k/a LEIGH'S**

**INTERSTATE CORPORATE CAR; and/or O'KANE LIMOUSINE SERVICE INC.**, as owners thereof, are liable to the plaintiff, **DARIUSZ GRZEGORCZYK**, to the same extent as the operator would have been liable if he had also been the owner, in accordance with § 14-154a of the Connecticut General Statutes, so made and provided.

19.     The defendants, **M & M GETTY SERVICE INC.; PRIME GETTY AUTO SERVICES INC.; ODELL GETTY, INC.; ISRAR A. KAHN; ABELE INC.; LEIGH'S LIMOUSINE, INC. a/k/a LEIGH LIMOUSINE a/k/a INTERSTATE CORPORATE CAR, INC. a/k/a LEIGH'S INTERSTATE CORPORATE CAR; and/or O'KANE LIMOUSINE SERVICE INC.**, are liable to the plaintiff, **DARIUSZ GRZEGORCZYK,** for his losses.

## SECOND COUNT:

20.     On **April 5, 2001**, the defendants, **GETTY PETROLEUM CORP. n/k/a GETTY PROPERTIES CORP a/k/a GETTY PETROLEUM MARKETING INC.; GETTY PETROLEUM MARKETING, INC.**, were owners, franchisors and/or lessors of the premises located at 1245 Nepperhan Avenue a/k/a 1241 Nepperhan Avenue, in the Town/City of Yonkers and State of New York and were in the possession of a 1993 Lincoln, bearing New York plate number 66912L.

21.     On said date and time, the defendants, **GETTY PETROLEUM CORP. n/k/a GETTY PROPERTIES CORP a/k/a GETTY PETROLEUM MARKETING INC.; GETTY PETROLEUM MARKETING, INC., its servants, agents and/or employees**, allowed and/or permitted, said vehicle to be taken off the property and driven on the public highway/road designated as Saw Mill Parkway, in the Town of Yonkers, County

of West and State of New York so that it collided with the motor vehicle being operated by the plaintiff, **DARIUSZ GRZEGORCZYK**.

22.  The accident above stated and the resulting injuries and losses suffered by the plaintiff, **DARIUSZ GRZEGORCZYK**, as described herein, were proximately caused by the negligence, carelessness and recklessness of the defendants, **GETTY PETROLEUM CORP. n/k/a GETTY PROPERTIES CORP a/k/a GETTY PETROLEUM MARKETING INC.; GETTY PETROLEUM MARKETING, INC.**, its franchisees, lessees, servants, agents and/or employees, in one or more of the following ways:

- a) failed to properly screen its franchisee and lessee prior to entering into a contract for the operation of a gasoline service station;
- b) failed to properly train its franchisee and/or lessee in operating a gasoline/service station;
- c) failed to warn the plaintiff of its inability to properly screen and train its franchisee and/or lessee; and,
- d) as franchisor/lessor, it is vicariously liable for the negligence of its franchisee/lessee.

23.  The plaintiff, **DARIUSZ GRZEGORCZYK**, avers that the defendants, **GETTY PETROLEUM CORP. n/k/a GETTY PROPERTIES CORP a/k/a GETTY PETROLEUM MARKETING INC.; GETTY PETROLEUM MARKETING, INC.**, were negligent.

24.  As the result of the negligence, carelessness and recklessness of the defendants, **GETTY PETROLEUM CORP. n/k/a GETTY PROPERTIES CORP a/k/a GETTY PETROLEUM MARKETING INC.; GETTY PETROLEUM MARKETING, INC.**,

the plaintiff, **DARIUSZ GRZEGORCZYK**, was seriously injured; was prevented from transacting his business; suffered great pain of body and mind; incurred expenses for medical attention; suffered permanent injury; loss of life's enjoyment; loss of earning capacity; will require future medical attention; and, will incur future medical expense.

25.     The defendants, **GETTY PETROLEUM CORP. n/k/a GETTY PROPERTIES CORP a/k/a GETTY PETROLEUM MARKETING INC.; GETTY PETROLEUM MARKETING, INC.**, is liable to the plaintiff, **DARIUSZ GRZEGORCZYK**, for his losses.

WHEREFORE, the plaintiff, **DARIUSZ GRZEGORCZYK**, respectfully prays that judgment be entered against the defendants, **M & M GETTY SERVICE INC.; PRIME GETTY AUTO SERVICES INC.; ODELL GETTY, INC.; ISRAR A. KAHN; ABELE INC.; LEIGH'S LIMOUSINE, INC. a/k/a LEIGH LIMOUSINE a/k/a INTERSTATE CORPORATE CAR, INC. a/k/a LEIGH'S INTERSTATE CORPORATE CAR; and/or O'KANE LIMOUSINE SERVICE INC.;** in the amount of **$500,000.00** based upon:

    a) Actual damages;

    b) Pain and suffering, loss of enjoyment;

    c) Damages as a result of permanent injury;

    d) Loss of earning capacity;

    e) Future medical expenses; and,

    f) For such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED
THE PLAINTIFF
**DARIUSZ GRZEGORCZYK**

By: _/s/ Michael S. Hillis_
**MICHAEL S. HILLIS**
DOMBROSKI, KNAPSACK & HILLIS LLC
205 Whitney Avenue
New Haven, Connecticut 06511
(203) 624-9096 - phone
(203) 624-1308 - facsimile
Federal Bar No.: ct11867

## DEMAND FOR JURY TRIAL

Please take notice that the plaintiff demands trial by jury in this action.

By: _____
**MICHAEL S. HILLIS**
Attorney for Plaintiff

## CERTIFICATION

I hereby certify that a copy of the foregoing **AMENDED COMPLAINT** has been mailed, first class, postage pre-paid, this **12th** day of **DECEMBER, 2003**, to the following counsel of record:

**JULIE A. HARRIS, ESQ.**
**LAW OFFICES OF DUBORG & FARRELL**
200 Glastonbury Boulevard (#301)
Glastonbury, Connecticut 06033

**STEVEN J. MONN, ESQ.**
**MEISELMAN, DENLEA, PACKMAN & EBERZ, P.C.**
1311 Mamaroneck Avenue
P.O. Box 5057
White Plains, New York 10602

**JOHN R. HORAN, ESQ.**
**JONATHAN MAZER, ESQ.**
**FOX, HORAN & CAMERINI LLP**
825 Third Avenue
New York, New York 10022

_____
MICHAEL S. HILLIS