UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Jan 14   1 05 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

DARIUSZ GRZEGORCZYK

v.

M&M GETTY SERVICE INC.;
PRIME GETTY AUTO SERVICES INC.;
GETTY PETROLEUM CORP. n/k/a
GETTY PROPERTIES CORP a/k/a
GETTY PETROLEUM MARKETING INC.;
GETTY PETROLEUM MARKETING INC.;
ODELL GETTY, INC.;
ISRAR A. KAHN;
ABELE INC.;
LEIGH'S LIMOUSINE, INC. a/k/a
LEIGH LIMOUSINE a/k/a
INTERSTATE CORPORATE CAR, INC. a/k/a
LEIGH'S INTERSTATE CORPORATE CAR;
and, O'KANE LIMOUSINE SERVICE INC.

Docket No. 303CV00617(MRK)

**ANSWER TO AMENDED
COMPLAINT WITH
AFFIRMATIVE DEFENSES
AND CROSS CLAIMS**

Defendants ABELE INC. AND O'KANE LIMOUSINE SERVICE INC., by their attorneys MEISELMAN, DENLEA, PACKMAN & EBERZ P.C. as and for their Answer, to the Amended Complaint with Affirmative Defenses and Cross Claim sets forth the following:

**JURISDICTION**

1. Defendants deny each and every allegation contained in paragraphs numbered "1", "11" and "12" of plaintiff's Amended Complaint.

2. Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations contained in paragraphs numbered "2", "3", "4", "5", "6", "7", "8" and "10" of the Amended Complaint.

## ALLEGATIONS AND CLAIM

### FIRST COUNT:

3. Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations contained in paragraphs numbered "13", "14", "15 (a) - (g)", "16" and "17" of the Amended Complaint.

4. Defendants deny each and every allegation contained in paragraphs numbered "18" and "19" of plaintiff's Amended Complaint.

### SECOND COUNT:

5. Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations contained in paragraphs numbered "20", "21", "22 (a) - (d)", "23", "24" and "25" of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6. The answering defendants do not meet the minimum contacts test within the State of Connecticut and accordingly the Court lacks personal jurisdiction over these defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7. The Court lacks personal jurisdiction over the answering defendants by reason of these defendants not being named in the Summons.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8. That the Amended Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9. The alleged cause/causes of action of the plaintiff as stated in the

Amended Complaint are time barred in that this action(s) was/were not commenced within the period of the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10. Any injuries sustained or suffered by plaintiff, as stated in the Amended Complaint herein, were caused whole or in part by the comparative negligence, and/or want of care of the plaintiff and that the amount of damages awarded herein, if any, should be denied or diminished in the proportion to the amount said culpable conduct and negligence of plaintiff. Should plaintiffs culpable conduct be found to be in excess of 50% then plaintiff is barred from recovery.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11. The answering defendants did not consent or permit the use of the vehicle.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

12. Any injuries and/or damages sustained by plaintiff, as alleged in the Amended Complaint herein were caused solely by the negligence of plaintiff in not wearing seatbelts; plaintiff may not recover damages for those injuries which plaintiff would not have sustained if seatbelts had been worn.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

13. The acts and omissions of the individuals were not within the scope of employment by the answering defendants. That the injuries and damages alleged by plaintiff were caused by the culpable conduct by some other person or persons whom these answering defendants have no control.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

14. Pursuant to CPLR of the State of New York §4545C, any awards of the plaintiff for economic loss shall be reduced by the amount of economic loss received by collateral sources.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

15. Subject to plaintiff's own policy of insurance or in its absence the plaintiff did not sustain a serious and permanent injury as defined by Section 5012(d) of the Insurance Law of the State of New York and that his exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

16. Subject to plaintiff's own policy of insurance or in its absence plaintiff's cause of action is barred by Article 51, Section 5104 of the Insurance Law of the State of New York.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

17. Subject to plaintiff's own policy of insurance or in its absence plaintiff's sole exclusive remedy is confined and limited to benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A FIRST CROSS CLAIM AGAINST CO-DEFENDANTS

18. The answering defendants herein allege that although the answering defendants have denied the allegations of plaintiff with respect to any undoing on the part of said defendants, nevertheless in the event that there is a verdict or judgment in favor of plaintiff against the answering defendants, then in that event, said defendants

demand judgment over and against the aforementioned co-defendants by reason of their wrongful conduct being primary and/or active while any wrongdoing on the part of the answering defendant if any, was secondary and/or passive and the indemnity is to be full and complete.

Dated:     White Plains, New York
           January 8, 2004

                              Yours, etc.,

                              _____
                              Steven J. Monn
                              MEISELMAN, DENLEA, PACKMAN & EBERZ P.C.
                              Attorneys for Defendants
                              ABEL INC. and O'KANE LIMOUSINE SERVICE INC.
                              1311 Mamaroneck Avenue, P.O. Box 5057
                              White Plains, New York 10602
                              (914) 517-5000
                              Federal Bar No.: ct19096

TO:   Michael S. Hillis, Esq.
      DOMBROSKI, KNAPSACK & HILLIS LLC
      Attorneys for Plaintiff
      205 Whitney Avenue
      New Haven, CT 06511
      (203) 624-9096
      Federal Bar No.: ct11867

      FOX, HORAN & CAMERINI, LLP
      Attorneys for Defendants
      LEIGH'S LIMOUSINE, INC. a/k/a
      LEIGH LIMOUSINE a/k/a
      INTERSTATE CORPORATE CAR, INC.
      825 Third Avenue
      New York, NY 10022

      DUGORG & FARRELL
      Attorneys for Defendants
      GETTY PETROLEUM CORP. a/k/a
      GETTY PETROLEUM MARKETING INC.
      and GETTY PETROLEUM MARKETING
      200 Glastonbury Boulevard (#301)
      Glastonbury, CT 06033

**CERTIFICATION OF MAILING**

    I hereby certify that a copy of the foregoing Answer to Cross Claims was mailed on January 13, 2004, postage prepaid, to all counsel and pro se parties of record as of said date:

Michael S. Hillis, Esq. (CT 11867)
DOMBROSKI, KNAPSACK & HILLIS LLC
Attorneys for Plaintiff
205 Whitney Avenue
New Haven, CT 06511
(203) 624-9096

FOX, HORAN & CAMERINI, LLP
Attorneys for Defendants
LEIGH'S LIMOUSINE, INC. a/k/a
LEIGH LIMOUSINE a/k/a
INTERSTATE CORPORATE CAR, INC.
825 Third Avenue
New York, NY 10022

DUGORG & FARRELL
Attorneys for Defendants
GETTY PETROLEUM CORP. a/k/a
GETTY PETROLEUM MARKETING INC.
and GETTY PETROLEUM MARKETING
200 Glastonbury Boulevard (#301)
Glastonbury, CT 06033

                      DEFENDANTS, ABELE, INC. and O'KANE
                      LIMOUSINE SERVICE, INC.

        By: _____
            Steven J. Monn
            MEISELMAN, DENLEA, PACKMAN & EBERZ P.C.
            1311 Mamaroneck Avenue, P.O. Box 5057
            White Plains, New York 10602
            (914) 517-5000